KETHLEDGE, Circuit Judge,
dissenting.
The parties to this case have sought and received so many extensions of time that the case remains mired in the pleadings stage nearly seven years after the suit was commenced. That must be nearly a record. These same parties now tell us that the proposed intervenors should be kept out of the ease, notwithstanding their vital interest in its outcome. The reason, the parties say, is that the intervenors would slow down the parties’ expeditious litigation of the case. That argument, from these parties, should not be taken seriously-
Up first, however, is the question whether the State can credibly represent the intervenors’ interests in this case. The intervenors are parents whose children attend HOPE Academy — a charter school in Cleveland — and the school itself. They seek to prevent the closure of their school. Closing the school, however, is exactly what the State (through its assistant attorney general) offered to do as a means of settling a related case. The lawyers who discussed that offer in the related case are the same lawyers that represent the State and the plaintiffs, respectively, in this case. So one can hardly blame the parents or the school for thinking that they need to look out for their own interests here.
The State responds that it has defended its charter-school law generally in this case, which means that the State has defended the HOPE school along with all the others. That is true enough. But the case is still in its early stages; and, for the reasons already stated, the parents have good reason to think that, if the going gets heavy later on, their school will be among the first tossed overboard. The parents and school have easily made the “minimal” showing of inadequacy required by Rule 24(a). Trbovich v. United Mine Workers, 404 U.S. 528, 538 n. 10, 92 S.Ct. 630, 30 L.Ed.2d 686 (1972).
Our court turns them away nonetheless, on the ground of timeliness: it says the parents took too long to file their motion to intervene. On that point, however, some context is in order. In seven years of litigation, this case has not even moved past the motion-to-dismiss stage. Timeliness, in this case, has been an interest honored only in the breach. And yet we turn these parents away on that ground. For them that must be a bitter irony.
The court says it is too late for intervention because the parties’ litigation of the case has been “extensive.” I do not agree. As of the filing of the intervenors’ motion — and I think as of now too — the parties had conducted virtually no discovery in the case, including, apparently, not a single deposition. (The parties’ most recent Rule 26(f) plan states that “[discovery will commence on 11-17-08 for any issues not agreed to by stipulation.” The intervenors filed their motion four days later, on November 21, 2008.) Nor has anyone filed a motion for summary judgment yet, because no one will be in a position to do so for months, if not years. Trial is an even more remote prospect. *289 The only terminal in sight for this case is the one it started from.
The only thing that has been extensive in the litigation of this case, so far, is the parties’ motions for extensions of time. The parties have filed (and the district court has granted) no less than 15 of these motions, one of which pushed back the case deadlines by a full seven months. (No wonder, then, that the district court did not cite timeliness as the basis for its decision.) If timeliness is the concern, a much more effective way to meet it, with less collateral damage to the parents’ interests, would be simply to tell everyone that there will be no more extensions.
Nor do I see any other prejudice resulting from the parents’ delay in seeking intervention. There is certainly no prejudice with regard to the parties’ discovery plan, since the intervenors have said they will abide by it. Nor does the prospect of “discovery disputes” down the road count as prejudice, since those disputes would be the result of intervention simpliciter, rather than of any delay in intervention. See Jansen v. City of Cincinnati, 904 F.2d 336, 340 (6th Cir.1990). Nor should we deny intervention for fear that the parents might file their own motion to dismiss, since the intervention order itself could bar the parents from doing so. See Trbovich, 404 U.S. at 537 & n. 8, 92 S.Ct. 630. To go further, and bar these parents from the case altogether, strikes me as more punitive than practical. And Rule 24(a) is not supposed to be a punitive rule. See, e.g., Sierra Club v. Espy, 18 F.3d 1202, 1205 (5th Cir.1994).
Intervening in a lawsuit in which one is vitally interested should not be akin to cracking a high-school clique. I think we do the parents and school an injustice, and invert the hierarchy of interests fairly at issue, when we refuse to allow the intervenors to defend their own interests in this case. I respectfully dissent.